# MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| *United States District Court* | District<br>SOUTHERN DISTRICT OF TEXAS<br>VICTORIA DIVISION | |
|---|---|---|
| Name of Movant<br>DAVID PENA | Prisoner's No.<br>98698-079 | Docket No.<br>6:02-CR-00011-001<br>CR-V-02-11-01,02 |
| Place of Confinement<br>David Pena<br>P.O. Box 26040<br>Beaumont, Texas 77720 | FEDERAL CORRECTIONAL COMPLEX - BEAUMONT, TEXAS | |

(Include name upon which convicted)

UNITED STATES OF AMERICA        V        DAVID PENA

(Full name of movant)

United States Courts
Southern District of Texas
FILED
JAN 1 4 2005
Michael N. Milby, Clerk of Court

## MOTION

1. Name and location of court which entered the judgment of conviction under attack
   UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, VICTORIA DIVISION

2. Date of judgement of conviction  August 19, 2002

3. Length of sentence           180 Months

4. Nature of offense involved (all counts) Count 1, Conspiracy to possess 503 grams of
   pseudoephedrine with the intent to manufacture methamphetamine. **Guilty Count 1**
   **Count 2, Not Guilty**, Possession with intent to distribute 503 grams of
   pseudoephedrine

5. What was your plea? (Check one)
   (a) Not guilty         ☒
   (b) Guilty             ☐
   (c) Nolo contendere    ☐

6. Kind of trial: (Check one)
   (a) Jury               ☒
   (b) Judge only         ☐

7. Did you testify at trial?
   Yes ☐        No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒        No ☐

9. If you did appeal, answer the following:

    (a) Name of court __Fifth Circuit Court of Appeals__

    (b) Result __Affirmed/Denied__

    (c) Date of Result __August 14, 2003__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgement in any federal court?
    Yes ☒   No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court __Supreme Court of the United States__

    (2) Nature of proceedings __Writ of Certiorari - Denied January 12, 2004__

    (3) Grounds raised __Denial of Motion for Mistrial based on tainted evidence admitted during the trial.__

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐   No ☒

    (5) Result __Supreme Court refused to hear the case__

    (6) Date of result __January 12, 2004__

    (b) As to any second petition, application or motion, give the same information:

    (1) Name of Court __N/A__

    (2) Nature of proceeding ____

    (3) Grounds raised ____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐   No ☒

    (5) Result _____

    (6) Date of Result _____

  (c) As to any third petition, application or motion, give the same information:
    (1) Name of Court _____N/A_____
    (2) Nature of proceeding _____
    _____
    (3) Grounds raised _____
    _____
    _____
    _____
    _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐     No ☒
    (5) Result _____
    (6) Date of Result _____

  (d) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☐    No ☒
    (2) Second petition, etc.    Yes ☐    No ☒
    (3) Third petition, etc.    Yes ☐    No ☒

  (e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
    This is petitioners first 2255 Motion, following denial of the Supreme Court to review the 5th Circuit affirmed judgment. The date of the denial from the Supreme Court is January 12, 2004.

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this matter, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for relief. You may raise any ground which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

Page # 4 of 7

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntary or with understanding of the nature of the charge and the consequences of the plea.

(b) Convictions obtained by use of coerced confession.
(c) Convictions obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Convictions obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Convictions obtained by a violation of the protection against self-incrimination.
(f) Convictions obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Convictions obtained by the violation of the protection against double jeopardy.
(h) Convictions obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Ineffective Assistance of Trial Counsel

Supporting FACTS (tell your story briefly without citing cases or law): Attorney failed to file for severance of petitioner and co-defendant. Attorney failed to investigate and interview witnesses. Attorney failed to investigate motive of prosecution witness in testifying against petitioner.

B. Ground two: Ineffective Assistance of Counsel at Sentencing

Supporting FACTS (tell your story briefly without citing cases or law): Attorney failed to bring forth evidence and argue the actual amount of pseudoephedrine attributed to the petitioner; 120gms vs. 90gms, thereby placing petitioner in a higher offense level. Attorney failed to present any evidence contrary to to the governments claim.

C. Ground three: Ineffective Assistance of Counsel on Appeal

Supporting FACTS (tell your story briefly without citing cases or law): Attorney's appellant representation consisted only of 1. Denial of the trial court on the motion for mistrial. 2. Guilt by assiciation of petitioner and co-defendant. 3. The Pre-Sentence Report's (PSR) findings. Appeallant attorny failed to put forth any evidence counter to the government's findings.

D. Ground four: __Prosecution misconduct__

Supporting FACTS (tell your short briefly without citing cases or law): __Prosecution witheld information that the defendant should have been made aware in advance of the trial instead of waiting until the last minute before bring forth the testamony of Rhonda Strain and her prior relationship with co-defendant Thomas Taylor.__
__Petitioner remained in custody while the government agent Shaw schooled Strain in further acts attributed to the conspiracy that petitioner took no part in.__

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: ___
   __#1. Trial court and appellate counsel were ineffective in failing to raise the these issues now being presented.__

XXX   **E. Ground five:** __Blakely Issue. The jury was not allowed to rule__ on the amount __of pseudoephedrine attributed to the petitioner, only that he was guilty of__ Count 1 of the indictment.

14. Do you have any petition or appeal now pending in any court as to the judgement under attack?
    Yes ☐    No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgement attacked herein:

    (a) At preliminary hearing __Eric Davis__
    _____ __1314 Texas Avenue, Suite 806, Houston, Texas 77002__

    (b) At arraignment and plea __Eric Davis__
    _____ __1314 Texas Avenue, Suite 806, Houston, Texas 77002__

    (c) At trial __Eric Davis__
    _____ __1314 Texas Avenue, Suite 806, Houston, Texas 77002__

    (d) At sentencing __Eric Davis__
    _____ __1314 Texas Avenue, Suite 806, Houston, Texas 77002__

    (e) On appeal __Eric Davis__
    _____ __1314 Texas Avenue, Suite 806, Houston, Texas 77002__

(f) In any post-conviction proceeding ___N/A___

(g) On appeal from any adverse ruling in a post-conviction proceeding  N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court at approximately the same time?

    Yes ☐   No ☒

17. Do you have any future sentences to serve after you complete the sentence imposed by the judgement under attack?

    Yes ☐   No ☒

    (a) If so, give name and location of court which imposed sentence to be served in the future:

    N/A

    (b) Give date and length of the above sentence:   N/A

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgement which imposed the sentence to be served in the future?

    Yes ☐   No ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on:

January 7, 2005
(date)

*David Peña* (signature)
Signature of Movant

# MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

(If movant has a sentence to be severed in the future under a federal judgement which he wishes to attack, he should file a motion in the federal court which entered the judgement)

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

1.) This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury. Any false statements of a material fact may severe as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

2.) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

3.) Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

4.) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed in forma pauperis, in which event you must execute form DC 12, setting forth information establishing your inability to pay the costs. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

5.) Only judgements entered by one court may be challenged in a single motion. If you seek to challenge judgements entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each such judgement.

6.) You attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgement of conviction.

7.) When the motion is fully completed, the original and at least two copies must be mailed to the clerk of the United States District Court whose address is:

> U.S. District Court
> 406 M.L. King Courthouse
> 312 S. Main
> Victoria, Texas 77902

(See Law Clerk for addresses)

8.) Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

Page # 1 of 7

United States Courts
Southern District of Texas
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

JAN 1 4 2005

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| DAVID PENA, | § | |
| Petitioner, | | Case No. CR-V-02-11-01,02 |
| | § | |
| vs. | | Case No. CA V-05-05 |
| | § | |
| UNITED STATES OF AMERICA | | |
| Respondant. | § | |

PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT
SENTENCE PURSUANT TO TITLE 28 U.S.C., § 2255, AND HIS
MEMORANDUM OF FACTS IN SUPPORT OF § 2255 MOTION

COMES NOW, David Pena petitioner acting in his own behalf, and respectfully asks this court to review the herein presented facts and case law and set aside the previous judgment of the trial court. In support of the motion, petitioner would show the following:

JURISDICTION

Jurisdiction in this motion is founded under Title 18 USC, §3231, and Title 28 USC, § 2255.

STATEMENT OF THE CASE

Petitioner, David Pena was indicted in a two count indictment, along with co-defendant Thomas Taylor for (#1) Conspiracy to possess 503 gms of pseudoephrdrine;(#2) possession with intent to manufacture methamphetamine. Petitioner and co-defendant were tried together.

Petitioner was found guilty only of count 1 and not guilty as to count two. The US Probation Dept. calculated petitioner's sentencing level on the an estimated 120 grams of pseudophedrine giving petitioner a base level offense of 32 points pursuant to the USSG §2D1,11(a), thus petitioner received an erroneous 2 point level increase.

1.

A direct appeal, with limited issues was filed by petitioner's trial counsel, who served as appellate counsel as well.

ARGUMENT

The court reviews ineffective assistance od counsel under the two prong test in Stricklanf v. Washington, 466 US 668, 80 L.Ed.2nd 674, 696, 104 S. Ct. 2052 (1984) "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel." Second, if counsel was ineffective, petitioner must show a "reasonable probability" that but for counsel's errors the results of the proceedings would have been different.

GROUND ONE (Trial)

Had counsel filed for a severance between petitioner and co-defendant the evidence submitted dealing with the co-defendant would not have tainted the petitioner in the manner that it did.

During the testimony of government's witnesses that was prejudicial to the petitioner, counsel failed to object causing petitioner to suffer the effects of this tainted testimony.

No objection to the jury instructions was raised. Had specific instructions been requested the matter of the amount of the drug would have properly been put before the jury.

GROUND TWO (Sentencing)

Had trial counsel put forth evidence showing the fact that there was less than 120 gms of the drug available to use in the manufacture process, petitioner would have received a lower level in the sentencing guidelines offense level.

GROUND THREE (Appeal)

Counsel fails to raise many of the issues on appeal due to trial counsel and appellate counsel were the same, however, counsel did raise three issues but failed to put forth any evidence to counter the drug weight found by the

2.

probation dept. and adopted by the court and used to increase petitioners guideline range for sentencing. Smith v. Robbins, 528 US 259 (2000)

GROUND FOUR   (Prosecutor Misconduct)

Two of the three witnesses to testify against petitioner had outstanding pending charges against them. The federal agents continued to compile evidence to be used against the petitioner while he was in custody, on an unrelated charge, in the conspiracy, when petitioner was clearly uncapable of acting in furtherance of any conspiracy while in custody. Darden v. Wainwright, 477 US 152

GROUND FIVE (Blakely Issue)

In Glover v. US, 531 US 148 L.Ed.2nd 604, 121 S.Ct. (2000) allegation that the district court's erroneous sentencing determination unlawfully increased a defendant's prison sentence held to establish prejudice for purposes of the Sixth Amendment; Right to Trial. In Apprendi v. New Jersy 530 US 466, 490, 147 L.Ed.2nd 435, 455, 120 S.Ct. 2348 (2000) any fact that increases sentence must be established beyond a reasonable doubt. (By a jury, not the probation dept. or sentencing judge) Blakely v. Washington, 542 US, 159 L.Ed.2nd 403, 413-14, 124 S. Ct. 2531 (2004) states that when a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment,... and the judge exceeds his proper authority."

CONCLUSION

Petitioner respectfully request that this court construe his 2255 motion liberally as noted in Oliver v. Scott, 276 F.3rd 736, 740 (5th Cir.2002) and Haines v. Kerner 404 US 519, 30 L.Ed2nd 652, 92 S.Ct. 594 (1972) and vacate his sentence or order an eventuary hearing be conducted to establish facts not available in this short motion as to the prejudice suffered by petitioner at the time of trial and sentencing or re-sentence petitioner using the 30 point base level as the 32 level was not put before the jury.

## FURTHER CONCLUSION

Petitioner further request any further relief this court deems to be just and proper.

I further declare under the penalty of perjury that the above is true and correct to the best of my knowledge.

Respectfully submitted on this 7th day of January 2005.

*David Peña*
David Pena   98698-079
P.O. Box 26040
Beaumont, Texas 77720

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the 2255 Motion of myself was served on the office of US attorney at his mailing address of 312 S. Main, Victoria, Texas 77902 by service of the US Mail on the date of January 7, 2004.

*David Peña*
David Pena

4.